UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

EDWARD EARL LARUE CLARK,

VERSUS

TERREBONNE PARISH SHERIFF'S
OFFICE, ET AL.

CIVIL ACTION

NO. 25-2546

SECTION: "C"(3)

## **REPORT AND RECOMMENDATION**

In November 2025, while incarcerated at the Butler County Prison in Butler, Pennsylvania, Plaintiff Edward Earl LaRue Clark filed this federal civil rights complaint pursuant to 42 U.S.C. § 1983 in the District Court for the Western District of Pennsylvania.[1] Clark claimed that in 2023, his vehicle was stolen from a truck stop in Gray, Louisiana, and, when Officer Authement arrived at the scene, he refused to take a report and left the scene.[2]

On December 8, 2025, the case was ordered transferred to the United States District Court for the Eastern District of Louisiana.[3] On December 23, 2025, this Court received the civil action.[4]

---

[1] R. Doc. 4.
[2] R. Doc. 1 at 4–5, 7.
[3] R. Doc. 3. The court noted that "In the caption of the Complaint, Clark also names Quindalyn Cooks as a plaintiff. Cooks did not sign the Complaint, however. Nor did he file his own motion for leave to proceed in forma pauperis. Therefore, the only plaintiff in this action is Clark, who can only represent himself pro se." *Id.* at 1.
[4] R. Doc. 4.

On January 23, 2026, the Clerk of Court sent a notice of deficiency to Clark.[5] On March 5, 2026, mail sent by the Court to Clark at the Butler County Prison was returned as undeliverable and stamped "RETURN TO SENDER."[6]

On March 11, 2026, the Court ordered Clark to show cause why his civil rights action should not be dismissed for failure to prosecute.[7] The deadline to show cause has expired, and Clark has not filed a response.

Clark provided no alternate private home address in the Complaint, and he has not notified the Court of his current address. That failure is a direct violation of this Court's Local Rules, which expressly provide: "Each attorney and pro se litigant has a continuing obligation promptly to notify the court of any address or telephone number change." LR 11.1. Moreover, it is clear that Clark was in fact aware of that obligation, in that his Complaint included the following declaration: "I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case."[8]

This Court's Local Rules provide:

> The failure of an attorney or pro se litigant to notify the court of a current e-mail or postal address may be considered cause for dismissal for failure to prosecute when a notice is returned to the court because of an incorrect address and no correction is made to the address for a period of 35 days from the return.

---

[5] R. Doc. 6.
[6] R. Doc. 7.
[7] R. Doc. 8.
[8] R. Doc. 1 at 11.

LR 41.3.1. As already noted, more than thirty-five days ago, mail sent to Clark at the Butler County Prison was returned by the United States Postal Service as undeliverable. A recent search of Louisiana's Vinelink inmate database reflects that Clark was released from custody on December 18, 2025.[9]

In the light of the foregoing, it is appropriate to dismiss Clark's complaint for want of prosecution. The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. *Link v. Wabash R.R.*, 370 U.S. 626 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. Fed. R. Civ. P. 41(b). The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. *Ramsay v. Bailey*, 531 F.2d 706, 707 (5th Cir. 1976).

Because Clark is proceeding *pro se*, the Court need only consider his conduct in determining whether dismissal is proper under Rule 41(b). Here, Clark has not provided the Court with his current address despite being aware of his obligation to do so. This Court has no way to advance this case on the docket soley due to his failure. This delay is caused by and attributable to Clark himself, justifying dismissal of his complaint for failure to prosecute. *See Torns v. State of Miss. Dept.*

---

[9] VINE, *Edward Larue Clark*, https://vinelink.com/person-detail/offender/50511868;tabIndexToSelect=0 (last visited April 21, 2026).

*of Corrs.*, 262 F. App'x 638, 639 (5th Cir. 2008); *Raborn v. Inpatient Mgt. Partners, Inc.*, 278 F. App'x 402, 404–05 (5th Cir. 2008). Accordingly, his complaint should be dismissed for failure to prosecute.

<u>**RECOMMENDATION**</u>

It is therefore **RECOMMENDED** that Edward Earl LaRue Clark's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 21st day of April, 2026.

_____
EVA J. DOSSIER
UNITED STATES MAGISTRATE JUDGE